# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MICHAEL HIGGIN,       )
      )
    Plaintiff,       )
      ) C.A. No.: N24C-12-046 FWW
    v.       )
      )
DIAMOND AND ASSOCIATES, LLC,   )
ROY DIAMOND AND CHRIS PAUL,   )
      )
    Defendants.       )

Submitted: November 10, 2025
Decided: December 12, 2025

*Upon Defendant Chris Paul's Motion to Dismiss*
**GRANTED**

## **ORDER**

Michael Higgin, P.O. Box 1151 Bear, DE 19701, Plaintiff, *pro se.*

Robert J. Katzenstein, Esquire, Lauren A. Ferguson, Esquire, SMITH KATZENSTEIN & JENKINS, LLP, 1000 N. West Street, Suite 1501, P.O. Box 410, Wilmington, DE, 19801, Attorneys for Defendant Chris Paul.

**WHARTON, J.**

This 12th day of December 2025, upon consideration of Defendant Chris Paul's ("Paul") Motion to Dismiss and the record in this case, it appears to the Court that:

1.    Plaintiff Michael Higgin ("Higgin") brought this action *pro se*.  The Complaint alleges that he signed a contract with Defendant Diamond and Associates, LLC "to complete and submit a Low Housing Income Tax Credit Application to the Delaware State Housing Authority in the Spring of 2023."[1]  The application was not submitted in 2023 and the contract was amended to submit it in 2024.[2]  No application was submitted in 2024 either, allegedly through Diamond and Associates, LLC's negligence.[3]  He claims $514,107.18 in damages due to the failure to submit the application and $5,000,000 in reputational damages.[4]  Higgin voluntarily dismissed Defendants Diamond and Associates, LLC and Roy Diamond on July 15, 2025, leaving Paul as the only remaining defendant.[5]

2.  Paul now moves to dismiss on two grounds under Superior Court Civil Rule 12(b)(6).[6]  First he argues that the Complaint fails to allege any wrongdoing by

---

[1] Compl., D.I. 1.
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] D.I. 9.
[6] Mot. to Dismiss, D.I. 24.

him and, in fact, does not mention him at all.[7]  Second Paul challenges Higgin's standing to sue since Higgin was not a party to the contract.[8]

3.  On October 21, 2015, the Court issued a brief schedule directing Higgin to respond to the motion by November 10, 2025.[9]  Higgin failed to submit a response.

4.  The Court applies the standard of review applicable to motions to dismiss under Superior Court Civil Rule 12(b)(6).  A motion to dismiss for failure to state a claim pursuant to Superior Court Rule 12(b)(6) will not be granted if the "plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[10]  The Court's review is limited to the well-pled allegations in the complaint.[11]  In ruling on a 12(b)(6) motion, the Court "must draw all reasonable factual inferences in favor of the party opposing the motion."[12]  Dismissal is warranted "only if it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle him to relief."[13]

5.  Paul is correct on both points.  No wrongdoing by Paul is alleged in the Complaint.  Further, Higgin lacks standing to sue in his individual capacity since he

---

[7] *Id.* at 3-4.
[8] *Id.* at 4-5.
[9] *Id.* at ¶¶ 35-36.
[10] *Browne v. Robb*, 583 A.2d 949, 950 (Del. 1990).
[11] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).
[12] *Id.*
[13] *Id.*

3

signed the contract with Diamond and Associates, LLC on behalf of Bear/Glascow Adult Day and Recreation Center in his capacity as Director.[14]

6. Another, independent ground exists to grant the motion – Higgin failed to submit a response. Superior Court Civil Rule 107(f) provides:

> If any brief, memorandum, deposition, affidavit, or any other paper which is or should be a part of the case pending in this Court, is not served and filed within the time and in the manner required buy these Rules or in accordance with any other order of the Court or stipulation of counsel, the Court may, in its discretion, dismiss the proceeding if the plaintiff is in default, consider the motion to be abandoned, or summarily grant or deny the motion, such as the situation may present itself, or take any other action as it deems necessary to expedite the disposition of the case.

Because Higgin failed to respond to the motion as ordered by the Court, the Court deems the Motion to Dismiss unopposed.

**THEREFORE**, Chris Paul's Motion to Dismiss is **GRANTED.** The Complaint is **DISMISSED with PREJUDICE.**

**IT IS SO ORDERED.**

*/s/ Ferris W. Wharton*
Ferris W. Wharton, J.

---

[14] Mot. to Dismiss at Ex. 2, D.I. 24.

4